ALBERT CORDALL *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7347)

Submitted September 7, 1932.   Decided September 13, 1932.

W. L. *Taylor*, for appellant.

*Howard B. Lee*, Attorney General, and *R. Dennis Stead*, Assistant Attorney General, for respondents.

WOODS, JUDGE:

This appeal is taken from an order denying claimant's motion for a continuance of the statutory hearing, and affirming, in the absence of further evidence, the Commissioner's previous finding that claimant was not a dependent within the meaning of the Workmen's Compensation Act.  The reason assigned in the order for denying the motion was that it was made "without showing any good or legal grounds for such continuance."

It appears from the papers filed in this case that H. W. Houston, of Charleston, had on behalf of the claimant accepted service of a notice to the effect that a hearing would be held on January 21, 1932; that on January 11, 1932, claimant advised the Commissioner on W. L. Taylor's letterhead, that he had retained the latter as counsel. The following day the Commissioner wrote Taylor: "We have yours of January 11th [apparently referring to claimant's letter of that date], and note your appearing as attorney in this case. We beg to advise that Mr. H. W. Houston of this city is attorney and has accepted service of a notice of hearing. We have no information that Mr. Houston has retired from the case." Taylor, in his motion on the date of the hearing, stated that he thereupon wrote both the Commissioner and Houston concerning the latter's connection with the case, and received reply from neither, and by reason thereof took it for granted that he (Taylor) was out of the case.

At 9:30 A. M., January 21st, a representative from the Commissioner's office, together with a reporter, appeared at Judge Estep's office in the city of Logan, for the purpose of conducting the hearing. Estep appeared on behalf of the employer. The claimant and his wife appeared; but no attorney—neither Houston or Taylor. Mr. Taylor, who had his office in Logan, was located sometime later and appeared at 11:30 A. M., and, upon behalf of claimant moved for a continuance of the hearing, stating that he was not ready to proceed at that time for the reason that he had been advised that the record showed that Houston was the attorney for claimant, that Houston had not had any witnesses summoned, nor had he (Taylor) summoned any because of the fact that he had not been representing said claimant until the time of said motion, and was only spoken to a few days before, and that he had not received any reply to his letters to the Commissioner and Houston.

The representative of the Commissioner stated that the matter of continuance would have to be submitted to the Commissioner for a ruling. Sometime thereafter the Commissioner entered the order hereinbefore referred to in which the motion for a continuance was overruled.

Counsel for the Commissioner argue that since Code 1931, 23-5-1, providing for a hearing does not mention continuances, the usual rules invoked in a court of law should be followed, and that a misunderstanding of counsel, as in this case, is not sufficient. The Commissioner's jurisdiction is continuing, and in the absence of extenuating circumstances, he should see that claimant is given a reasonable opportunity to develop his case. No fault is laid at the door of the claimant here. He was relying upon counsel, who in turn was apparently misled by a communication from the office of the Commissioner. While we admit, as contended for by the counsel for the Commissioner, that there must be some regularity in the conduct of the hearings, yet, under the circumstances of this case, we feel that a continuance should have been granted.

We reverse the Commissioner's ruling for the reasons stated and remand the case in order that claimant may have a hearing on the question of his partial dependency.

*Reversed and remanded.*